UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RODNEY RANDOLPH WASHINGTON,

                        Appellant,

              - against -

CHAPTER 13 TRUSTEE,

                        Appellee.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-7028 (PKC)

PAMELA K. CHEN, United States District Judge:

Appellant Rodney Randolph Washington, proceeding *pro se*, appeals the December 2, 2019 Order of the United States Bankruptcy Court of the Eastern District of New York dismissing his Chapter 13 proceeding. For the reasons stated below, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND[1]

On August 8, 2019, *pro se* Appellant commenced a Chapter 13 bankruptcy proceeding by filing a voluntary petition under Chapter 13 of the Bankruptcy Code. (Bankruptcy Record ("R."), Dkt. 2, at 1, 5–12.) Pursuant to Chapter 13, Appellant's commencement of this proceeding imposed an automatic stay of the foreclosure sale of property located at 17 Virginia Place, Brooklyn, NY 11213 (the "Property"). (*Id.* at 24 ("The filing of the case imposed an automatic stay against most collection activities.").)[2] Appellant filed his Chapter 13 Plan on September 9,

---

[1] The following facts are drawn from the parties' submissions and the Bankruptcy Court's record on appeal. The facts are undisputed unless otherwise noted.

[2] The Property was subject to a May 22, 2019 order in Kings County Supreme Court that issued a judgment of foreclosure and sale. (*See* R., Dkt. 2-1, at 451–61.) Appellant moved to dismiss this order on June 21, 2019. (*Id.* at 469–81.) The Appellate Division, Second Department declined Appellant's appeal on August 2, 2019. (*Id.* at 483–85.) A Notice of Sale was scheduled

2019. (R., Dkt. 2, at 101–08.)  On September 20, 2019, Michael J. Macco, the Chapter 13 Trustee ("Appellee"), moved to dismiss Appellant's Chapter 13 proceeding pursuant to 11 U.S.C. §§ 521 and 1307(c) by reason of Appellant's failure to file paystubs, personal state and federal tax returns for 2018, and a written appraisal for the Property, as well as for Appellant's failure to submit to Appellee monthly pre-confirmation payments, filings required under 11 U.S.C. § 521, and mandatory disclosure documentation as set forth in Local Bankruptcy Rule 2003-1. (*Id.* at 113–14.)  Appellant thereafter filed a number of additional and amended filings (*id.* at 116–31), including an amended Chapter 13 Plan, on September 26, 2019 (*id.* at 132–39).[3]

In the meantime, on September 24, 2019, Wells Fargo Bank, N.A. ("Wells Fargo"), as servicing agent for HSBC Bank USA ("HSBC"), filed a Proof of Claim in Bankruptcy Court in the amount of $869,708.98 secured by a lien on the Property. (R., Dkt. 2-1, at 493–95.)  Wells Fargo also filed a motion for relief from the automatic stay on the Property. *See* Motion for Relief from Stay, *In re Washington* (Bankr. E.D.N.Y. Oct. 3, 2019) (No. 19-44827 (CEC)), ECF No. 28. On October 15, 2019, Appellant filed an objection to Wells Fargo's Proof of Claim on the grounds that HSBC was not a party in interest and that its claim was invalid under state law and, therefore, unenforceable under federal bankruptcy law. (R., Dkt. 2, at 140–43.)  Wells Fargo filed a response to Appellant's objection on November 7, 2019. (*See id.* at 258–69.)  On November 21, 2019, the Bankruptcy Court terminated the automatic stay as to Wells Fargo and HSBC with respect to the Property[4] and found that the filing of Appellant's Chapter 13 petition was "part of a scheme to

---

for August 8, 2019 (*id.* at 487), the day on which Appellant commenced this action in Bankruptcy Court.

[3] Appellee argues that this plan was "insufficiently funded to pay creditors as proposed." (Appellee's Br., Dkt. 5, at 5.)

[4] Appellant's appeal of the Bankruptcy Court's decision terminating the automatic stay on the Property as to HSBC and Wells Fargo is separately pending in this District. *See* Notice of

delay, hinder, and defraud creditors as to the Property," pursuant to 11 U.S.C. § 362(d)(4). (R., Dkt. 2-1, at 576–77.)

A hearing on Appellee's motion to dismiss Appellant's Chapter 13 proceeding was adjourned from October 24, 2019 (*see id.* at 113) to November 21, 2019, after which the Bankruptcy Court dismissed Appellant's Chapter 13 petition by subsequent order dated December 2, 2019 (*id.* at 578). On December 16, 2019, Appellant filed this appeal of the Bankruptcy Court's December 2, 2019 Order. (*See* Notice of Appeal, Dkt. 1.)[5]

## STANDARD OF REVIEW

"District courts have appellate jurisdiction over 'final judgments, orders, and decrees' entered in bankruptcy court." *Satti v. Nechadim Corp.*, No. 17-CV-683 (MKB), 2018 WL 1010206, at *3 (E.D.N.Y. Feb. 16, 2018) (quoting 28 U.S.C. § 158(a)). A district court reviews the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re Bayshore Wire Prod. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "A finding is clearly erroneous when, on consideration of the record as a whole, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Satti*, 2018 WL 1010206, at *3 (internal quotation and citation omitted). Evidentiary rulings made by a bankruptcy court are reviewed for abuse of discretion. *See Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003). "[A]

Appeal, *Washington v. Wells Fargo Bank N.A./HSBC Bank USA* (E.D.N.Y. Dec. 9, 2019) (No. 19-CV-06297 (WFK)), ECF No. 1.

[5] Under Federal Rule of Bankruptcy Procedure 8009, the record on appeal must include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a). While neither party initially included the transcript of the November 21, 2019 hearing in their designations of the bankruptcy record, the Court directed Appellant to order a copy of the transcript in order to decide the case on the merits. (June 9, 2020 Order; June 10, 2020 Order.) *See In re Speer*, No. 15-CV-646 (RNC), 2018 WL 587313, at *1 n.1 (D. Conn. Jan. 29, 2018). The transcript of the hearing was received on August 10, 2020. (Nov. 21, 2019 Hearing Transcript ("Hr'g Tr."), Dkt. 7.)

bankruptcy court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard." *In re Avaya Inc.*, 602 B.R. 445, 453 (S.D.N.Y. 2019) (internal quotation and citation omitted). If a bankruptcy court abuses its discretion in making an evidentiary ruling, its decision is "only reversible if it also affects a party's substantial rights." *In re Bernard L. Madoff Investment Secs., LLC*, 605 B.R. 570, 582 (S.D.N.Y. 2019) (quoting *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 224 (2d Cir. 1999)).

In a bankruptcy appeal, "[a] document filed *pro se* is to be liberally construed, and must be held to less stringent standards than formal pleadings drafted by lawyers." *In re Club Ventures Investments LLC*, 507 B.R. 91, 96 (S.D.N.Y. 2014) (internal quotation, alteration, and citations omitted). A district court should read a *pro se* appellant's briefs to raise the strongest possible arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

Appellant argues generally that the Bankruptcy Court lacked actual cause to dismiss his Chapter 13 proceeding and failed to meet the requirements of 11 U.S.C. §§ 521 and 1307(c). (Appellant's Br., Dkt. 4, at 6–7.) The Court discusses his more specific arguments below.

## I.      Relevant Legal Standard

Appellant avers first that the Bankruptcy Court's decision is "insufficient for meaningful appellate review" because it did not "set forth sufficient detail in order to permit" such review. (*Id.* at 8 (citing *Grossman v. Berman*, 241 F.3d 65, 68 (1st Cir. 2001)).) Appellant does not proffer any further case law or factual assertions in support of his argument that the Bankruptcy Court failed to "set forth sufficient detail" in dismissing his case.

The Court liberally construes this portion of *pro se* Appellant's brief as arguing that the Bankruptcy Court abused its discretion in making an evidentiary ruling that resulted in dismissal

of Appellant's Chapter 13 proceeding. Under the analogous standard in this Circuit, in a district court's review for abuse of discretion, the "findings and conclusions of bankruptcy courts must [] at least be sufficient to permit meaningful appellate review; and where such findings and conclusions are lacking, district courts may vacate and remand." *Bloch v. Bloch*, No. 09-CV-3963 (RRM), 2010 WL 3824125, at *1 (E.D.N.Y. Sept. 23, 2010) (brackets omitted) (quoting *Mazzeo v. Lenhart*, 167 F.3d 139, 142 (2d Cir. 1999)). The Court considers whether the Bankruptcy Court provided such findings and conclusions in its analysis of Appellant's specific arguments below.

## II.     Lack of an Evidentiary Hearing

Appellant next argues that the Bankruptcy Court abused its discretion in dismissing his Chapter 13 proceeding without conducting an evidentiary hearing on Appellee's motion, as required by 11 U.S.C. § 1307(c). (Appellant's Br., Dkt. 4, at 8.)

Section 1307(c) of Chapter 11 of the Bankruptcy Code provides, in relevant part, that:

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter . . . or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause.

11 U.S.C. § 1307(c). One ground for such "for cause" dismissal is "unreasonable delay by the debtor that is prejudicial to creditors." *Id.* § 1307(c)(1). "When a debtor has not complied with a number of his obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." *Wenegieme v. Macco*, 580 B.R. 17, 21–22 (E.D.N.Y. 2018) (internal quotations, alterations, and citation omitted).

The language "after notice and a hearing" is discussed in the Bankruptcy Code's Rules of Construction as follows:

> (1) "after notice and a hearing", or a similar phrase—

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
>> (i) such a hearing is not requested timely by a party in interest; or
>>
>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

11 U.S.C. § 102. The Bankruptcy Code thus affords the Bankruptcy Court discretion in determining whether particular circumstances warrant a hearing. *See Bernheim v. Damon & Morey, LLP*, Nos. 06-BK-3386 (LEAD), 06-BK-3389 (CON), 2007 WL 1858292, at *2 (2d Cir. June 28, 2007) (summary order) ("Bankruptcy judges enjoy broad discretion as to the type of hearing to conduct.").

Here, the Bankruptcy Court conducted a hearing on Appellee's motion on November 21, 2019. (R., Dkt. 2-1, at 578.) Section 1307(c) does not require a further evidentiary hearing, as Appellant argues. Furthermore, "[i]t is unnecessary to conduct an evidentiary hearing on a contested matter unless there are disputed issues of material fact that a Bankruptcy Court cannot decide based on the record." *Wilmington Tr. Co. v. AMR Corp. (In re AMR Corp.)*, 490 B.R. 470, 479 (S.D.N.Y. 2013) (internal citation omitted); *accord In re Froman*, 566 B.R. 641, 651 (S.D.N.Y. 2017) (collecting cases). The dispute at issue in this action was at most a factual one related to Appellant's Chapter 13 submissions,[6] and Appellant makes no further argument that an evidentiary hearing was required in order to consider a disputed issue of material fact that could not be decided by the Bankruptcy Court based on the record.

---

[6] At the November 21, 2019 hearing, Appellant stated that he had a bankruptcy plan and had "made all [his] payments." (Hr'g Tr., Dkt. 7, at 6:25–7:1.) Appellee maintained that the plan did not "pay the claims as filed." (*Id.* at 7:2–5.)

Moreover, Appellant himself maintains in his brief that he "at all times[] has cooperated with [A]ppellee as required by 11 U.S.C. [§] 521, by providing requested bank statements, credit report, utility bills, among other documents" (Appellant's Br., Dkt. 4, at 13), which further weighs against his assertion that the record may have been devoid of necessary documents. As such, "even now, [Appellant] does not suggest what factual issues might have required resolution at an evidentiary hearing." *In re Froman*, 566 B.R. at 651.

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in dismissing Appellant's Chapter 13 proceeding without conducting an evidentiary hearing.

## III. Meaningfulness of the Hearing

Appellant next maintains that the Bankruptcy Court's November 21, 2019 hearing "did not afford [A]ppellant any opportunity to be heard" (Appellant's Br., Dkt. 4, at 13) and was thus not a "meaningful hearing as required by 11 U.S.C. [§] 1307(c)" (*id.* at 14). Appellant reiterates that "[n]o cause existed" to dismiss his Chapter 13 proceeding and that, therefore, "the Bankruptcy Court's decision to dismiss [A]ppellant's case was an abuse of the court's discretion." (*Id.*) Appellant cites no legal precedent in support of his effort to distinguish between the hearing that took place on November 21, 2019 and what he argues would constitute a "meaningful hearing" pursuant to § 1307(c).

Even liberally construed, Appellant at best makes only a conclusory argument that, because he did not have "any opportunity to be heard" at the November 21, 2019 hearing, "the court did not, on its face, satisfy the requirement [of the Bankruptcy Code] that the Court hold an actual hearing in which [he] would have been allowed to participate and show the actual – not the alleged – facts of the case." (*Id.* at 13.) However, Appellant appeared at the November 21, 2019 hearing in Bankruptcy Court before the Honorable Carla E. Craig, Chief Judge of the Bankruptcy Court

for the Eastern District of New York. *See* 11/21/2019 Docket Entry, *In re Washington* (Bankr. E.D.N.Y. Nov. 21, 2019) (No. 19-44827 (CEC)). Appellant fails to explain how he was prevented from participating in that hearing, or from otherwise presenting the facts of his case or legal arguments to the Bankruptcy Court. (*See* Hr'g Tr., Dkt. 7-1, at 5:6–8 (Appellant explaining to Judge Craig his recollection of prior court date), 5:23–6:2 (same), 6:21–7:1 (Appellant describing that he has a plan to pay creditors), 7:17–8:4 (Appellant stating that he understands Judge Craig's explanation to him that, because the automatic stay on the Property has been lifted, the purpose of the Chapter 13 proceeding is no longer being addressed), 8:6–9 (Appellant commenting on the "enforceability of the debt," which Judge Craig noted was an "issue for the State Court").) Appellant's argument is further belied by the fact that, as discussed, he claims that he filed all necessary documents with the Bankruptcy Court. (*See* Appellant's Br., Dkt. 4, at 13.) Based upon the transcript of proceedings of the November 21, 2019 hearing, there is simply no indication that the Bankruptcy Court abused its discretion by "rest[ing] its conclusion on clearly erroneous factual findings or an incorrect legal standard." *In re Avaya Inc.*, 602 B.R. at 453 (internal quotation and citation omitted).

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion where it concluded from the factual evidence before it "that sufficient cause ha[d] been shown" to dismiss Appellant's Chapter 13 proceeding. (R., Dkt. 2-1, at 578.)

## IV.    Best Interest of the Creditors and the Estate

Appellant lastly argues that the Bankruptcy Court "impermissibly, and unnecessarily, gave Wells Fargo Bank an advantage over other creditors and [A]ppellant, to which Wells Fargo Bank

was not entitled, by law." (Appellant's Br., Dkt. 4, at 14.)[7] The Court finds this argument without merit. The Bankruptcy Court's December 2, 2019 Order specifically notes that "it appear[s] to the satisfaction of the Court that the best interests of creditors and the estate require this case be dismissed." (R., Dkt. 2-1, at 578.) Judge Craig also explained to Appellant at the November 21, 2019 hearing that the bank's claim on the Property would be resolved in state court (Hr'g Tr., Dkt. 7-1, at 6:3–7), and Appellant stated that he understood from his prior court date that "the bank had no objection to the determination of this matter in State Court" (*id.* at 5:25–6:2). Given this understanding, and Appellant's failure to proffer any further evidence in support of his assertion that the decision of the Bankruptcy Court was not in the best interests of the creditors and the estate, the Court finds that the Bankruptcy Court did not act impermissibly in this respect.

## CONCLUSION

For the reasons stated above, the Court denies Appellant Washington's appeal and affirms the December 2, 2019 Order of the Bankruptcy Court dismissing his Chapter 13 proceeding. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 26, 2020
     Brooklyn, New York

---

[7] Appellant cites to 11 U.S.C. § 522(f), which he argues was "intended to give debtors a fresh start . . . by allowing exemptions," and maintains that the Court "repealed the congressional purpose [of the statute] by the taking of [A]ppellant's principal residence and, thereby, frustrating any effective reorganization." (Appellant's Br., Dkt. 4, at 15.) Section 522(f) of Chapter 11 details the various exemptions available in a Chapter 13 repayment plan. *See* 11 U.S.C. § 522(f). While Appellant refers to his "exemption under 11 U.S.C. [§] 522(f)," he does not specify what that exemption is or how he qualifies for it. (*See* Appellant's Br., Dkt. 4, at 15.) Without further detail from Appellant, and upon reviewing the record, the Court is unable to understand the applicability of this argument and does not consider it.